FILED 05 DEC '25 13:38 USDC-ORE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### Civil Action No:_____

| | |
|---|---|
| Georgie Anufriev, Pro Se, Lawful Property Owner) <br>       Plaintiff, <br><br> v. <br><br> PAPE MACHINERY, <br> NICK HUNTER, Sheriff of Marion County Oregon, In his personal and professional Capacity, <br> CHRISTIAN DALTON, Deputy of Marion County Oregon, In his personal and professional capacity <br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**6:25-CV-02260-MTK**

---

## VERIFIED COMPLAINT FOR MONETARY RELIEF, DUE PROCESS VIOLATIONS, FRAUD, AND CONSTITUTIONAL DEPRIVATION

COMES NOW, Georgie Anufriev, appearing *Pro Se* by special appearance and not submitting to the jurisdiction of this Court except as required to protect fundamental rights, and brings this Verified Complaint pursuant to the First, Fifth, and Fourteenth Amendments to the United States Constitution, and applicable federal statutes, and states as follows:

- *"The unfairness doctrine allows the FTC to proscribe practices that harm consumers even if not specifically prohibited by statute."* – Federal Trade Commission v. Sperry & Hutchinson Co., 405 U.S. 233 (1972)

- *"The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing."*-Fuentes v. Shevin, 407 U.S. 67 (1972)

- *" It is emphatically the province and duty of the judicial department to say what the law is."*- Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)

#15760

- *"A prejudgment garnishment without notice and a prior hearing violates the fundamental principles of due process."*- Sniadach v. Family Finance Corp., 395 U.S. 337 (1969)

## I.    INTRODUCTION

1. This is a civil action to enjoin an unlawful, unconstitutional, and non-judicial repossession involving private property commonly known as 2025 JOHN DEERE 333P-TIER TRACK LOADER.

2. Defendants, acting under color of law and without lawful authority, have participated in seizure of private property, bypassing constitutional due process, judicial oversight, and lawful adjudication.

3. No judge has signed any repossession order, no hearing has been held, and the Plaintiff has not been afforded a meaningful opportunity to challenge the claim.

4. The repossession was executed through unauthorized administrative processing, in direct violation of the Due Process Clause, Supreme Court precedent, and the separation of powers under the Oregon and the United States Constitutions.

5. The Plaintiff brings this action to expose and correct the fraud, procedural abuse, and the constitutional violations underlying the alleged repossession.

## II.JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to multiple, independent grounds, including but not limited to:

    a. 28 U.S.C § 1331- This action arises under the Constitution and laws of the United States, including the Fifth and Fourteenth Amendments, the Civil Rights Act (42 U.S.C. § 1983), and the Declaratory Judgment Act (28 U.S.C. § 2201-2202), all of which present federal questions.

b.  28 U.S.C. § 1343(a)(3)- This Court has jurisdiction to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution or by any Act of Congress providing for equal rights.

c.  42 U.S.C. § 1983- Plaintiff alleges the deprivation of rights, privileges, and immunities secured by the Constitution and federal law, including the denial of procedural due process and the unlawful seizure of private property without judicial adjudication.

d.  28 U.S.C. § 1367- This Court has supplemental jurisdiction over related state law claims for fraud, misconduct, and ultra vires actions by public officials, as such claims arise from the same nucleus of operative facts as the federal claims.

e.  28 U.S.C. § 2201- Plaintiff seeks monetary relief regarding the invalidity and unconstitutionality of the repossession process.

f.  Equity Jurisdiction and the Courts Inherent Supervisory Powers- This Court has the equitable power to enjoin unconstitutional government action, preserve the integrity of the judicial process, and irreparable harm.

7.  This case arises from actions taken by state officers and private actors under color of law without legal authority, resulting in the deprivation of Plaintiffs private property, liberty, and due process rights. No state court has exercised lawful jurisdiction over this matter, and no final judgment signed by a judicial officer exists.

8.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because all events giving rise to the claims occurred in Marion County, Oregon.

9.  No other court is positioned to provide Plaintiff with a timely or adequate remedy due to the unlawful administrative nature of the repossession, the absence of a final judicial order, which caused irreparable harm absent federal intervention.

10. Plaintiff appears Pro Se by special appearance only, reserving all rights, waiving no rights, and invoking the Constitution of the United States, which is the supreme law of the land under Article VI, Clause 2, binding on all judges in every state.

## III.PARTIES

11. Plaintiff Georgie Anufriev is a private American man and domiciled inhabitant of Marion County, Oregon. He is the equitable owner of the private property 2025 JOHN DEERE 333P-TIER TRACK LOADER, and appears Pro Se by Special Appearance to assert his constitutional and property rights under the supreme law of the land.

12. Defendant Pape Machinery, is a business entity engaged in private property loan servicing and/or securitized asset management. It is incorporated in the State of Oregon with its principal place of business in Portland, OR. Pape Machinery is sued in its corporate capacity and for its agents unlawful and deceptive conduct under color of law. Executing an unconstitutional seizure of private property.

13. Defendant Nick Hunter is an individual who serves as the *Sheriff of Marion County, Oregon.* He is sued in his individual and administrative capacity for aiding an unconstitutional seizure of private property.

14. Christian Dalton is an individual who serves as a *Deputy of Marion County, Oregon.* He helped facilitate the unlawful repossession of private property without verifying that a final judgment had been entered. He is sued in his individual and administrative capacity for aiding and executing an unconstitutional seizure of private property.

## IV.FACTUAL ALLEGATIONS

15. Plaintiff Georgie Anufriev is the private living man and lawful owner of 2025 JOHN DEERE 333P-TIER TRACK LOADER.

16. Plaintiff executed a promissory note given by Amanda Nealy related to the property at issue.

17. Defendant Pape Machinery refused the note without cause or supporting affidavit.

18. Plaintiff asked for a written refusal with cause accompanied with an affidavit signed under the pains and penalties of perjury.

19. Plaintiff received a message from one of defendants employee stating the property had been picked up and the trade machine is available for pick up at the Portland Facility.

20. Plaintiff called Deputy Dalton to report the incident and was told Pape Machinery had lawful authority to trespass. Stating it was a civil matter.

21. Defendant Christian Dalton based his investigation on hearsay.

22. Defendant Christian Dalton denied to look at the contract/promissory note for the private property.

23. Plaintiff filed a criminal report with Sheriff Nick Hunter and was ignored.

24. Defendant Christian Dalton stated the Sheriffs department may not intervene in civil matters due to Oregon State laws prohibiting law enforcement.

25. Each Defendant acted deliberate indifference to the Constitution and with reckless disregard for Plaintiffs due process rights, thereby participating in a pattern of racketeering activity designed to unlawfully deprive property from owners for the benefit of financial entities.

26. These coordinated omissions and administrative acts constitute predicate acts of fraud, mail fraud, wire fraud, and honest services fraud, actionable under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.

## SUMMARY OF FACTUAL ALLEGATIONS

The foregoing allegations show that each Defendant acted either with direct knowledge or in reckless disregard of Plaintiffs constitutional rights, knowingly bypassed judicial

Page **5** of **20**

process, and participated in an administrative scheme to deprive Plaintiff of property without due process of law.

These acts were not isolated errors, but part of a routine pattern of institutional fraud conducted under the color of law and in violation of both statutory obligations and constitutional mandates.

The facts alleged constitute a continuous and knowing pattern of misconduct which meets the threshold for civil RICO, fraud, conspiracy, and deprivation of rights actionable under 42 U.S.C. § 1983.

## V. CAUSES OF ACTION

### COUNT I: DEPRIVATION OF CIVIL RIGHTS- DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983 (Against All Defendants)

27. Plaintiff incorporates by reference the allegations set forth in Paragraph 15 through 26.

28. Defendants, acting individually and under color of state law, deprived plaintiff of his right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

29. No judge reviewed, signed, or entered a repossession judgement or final order authorizing seizure or sale of Plaintiffs property.

30. Plaintiff was not provided notice of a hearing or an opportunity to be heard in a meaningful manner at a meaningful time.

31. The actions of Defendants caused a deprivation of constitutionally protected property interests without lawful adjudication or remedy.

32. These acts constitute a violation of 42 U.S.C. § 1983 and entitle Plaintiff to monetary damages.

## COUNT II: FRAUD
### (Against Pape Machinery, Burke Ellis, and Amanda Nealy)

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs 15 through 32.

34. Defendants Pape Machinery, took the contract/promissory note and repossessed the property without judicial oversight.

35. Plaintiff suffered damages and faced irreparable harm due to Defendants fraudulent conduct and abuse of judicial procedures.

## COUNT III: CIVIL RICO- RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### (18 U.S.C. § 1961-1964 Against All Defendants)

36. Plaintiff incorporates by reference the allegations set fourth in Paragraphs 15 through 35.

37. Defendants collectively engaged in a pattern of racketeering activity, including wire fraud (18 U.S.C. § 1343), and honest services fraud (18 U.S.C. § 1346)

38. Each Defendant committed at least two predicate acts under 18 U.S.C. § 1961(1).

39. The coordinated actions among Pape Machinery, the Sheriff and the Deputy constitute an association-in-fact enterprise engaging in illegal repossession practices under color of law.

40. Plaintiff suffered injury to property and dispossession as a direct and proximate result of the racketeering activities.

41. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages, attorneys fees, and an order dismantling the enterprise and adjoining further racketeering acts.

## COUNT IV. BREACH OF OATH OF OFFICE AND FIDUCIARY DUTY UNDER COLOR OF LAW
### (Against Nick Hunter and Christian Dalton)

42. Plaintiff incorporates by reference the allegations in Paragraphs 15 through 41.

43. Defendants Hunter and Dalton are public officials who took a binding Oath of Office to uphold and defend the Constitution of the United States and the Constitution of the Commonwealth of Oregon.

44. As officers of the county, they owed Plaintiff a fiduciary duty to ensure that no deprivation of life, liberty, or property occurred without full compliance with constitutional safeguards.

45. Defendant Dalton violated this duty by without verifying standing, and without judgement signed by a judge, without judicial authorization, and without lawful jurisdiction.

46. Defendant Hunter violated his oath and fiduciary duty by not investigating the matters when the Plaintiff filed a criminal complaint.

47. Both Defendants acted as gatekeepers of the public trust and instead facilitated a seizure of Plaintiffs property for the financial benefit of a private party.

48. Their failure to act in accordance with their oath constitutes a breach of fiduciary duty. Violation of ministerial duty, and a willful denial of Plaintiffs constitutional rights.

49. Plaintiff is entitled to injunctive relief, compensatory damages, punitive damages, and declaratory judgment holding that Defendants breached their oath and acted ultra vires.

## COUNT V. NEGLECT TO PREVENT CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1986
### (Against Defendants Nick Hunter and Christian Dalton)

50. Plaintiff incorporates by reference the allegations in Paragraphs 15 through 49.

51. Under 42 U.S.C. § 1986, any person having knowledge that a constitutional deprivation is about to occur, and having the power to prevent it, but failing to act, is liable to the injured party.

52. Defendants Hunter and Dalton had both the knowledge and the authority to prevent the unlawful repossession and seizure of Plaintiffs property.

53. Defendant Dalton facilitated the repossession with no judicial order, knowing that no judge had signed any ruling authorizing repossession.

54. Defendant Hunter did not complete an investigation after receiving a criminal complaint about unlawful repossession and due process violations.

55. Both Defendants had an affirmative duty to stop the process and request lawful verification before executing any act that would result in the deprivation of property.

56. Their willful failure to intervene renders them liable under 42 U.S.C. § 1986 for neglecting to prevent known constitutional violations.

57. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

### COUNT VI. CONSPIRACY TO DEPRIVE CIVIL RIGHTS UNDER 42 U.S.C. § 1985(3)
### (Against All Defendants)

58. Plaintiff incorporates by reference the allegations in Paragraphs 15 through 57.

59. Defendants entered into a tacit or explicit agreement to deprive Plaintiff of his constitutional rights, including property rights, due process, and access to meaningful judicial review.

60. The coordination between Pape Machinery and the Sheriffs department constitutes and enterprise designed to circumvent lawful procedure for profit and enforcement.

61. Each Defendant played an essential role in the repossession process that denied Plaintiff any adjudicative forum and instead relied on private declarations masquerading as lawful orders.

62. Defendants knowingly participated in a scheme that would result in the wrongful taking of Plaintiffs property without a hearing, without judicial signature, and without legal standing.

63. This conspiracy to act under color of law to deprive Plaintiff of constitutionally protected rights constitutes a civil conspiracy in violation of 42 U.S.C. § 1985(3).

64. Plaintiff has suffered damages, both financial and constitutional, and seeks compensatory, punitive, and equitable relief.

## COUNT VII. CONSTRUCTIVE FRAUD AND ABUSE OF OFFICIAL PROCESS
### (Against All Defendants)

65. Plaintiff incorporates by reference the allegations in Paragraphs 15 through 64.

66. Constructive fraud arises when public officers or private agents misuse their official roles to create a false appearance of legality in order to deprive a person of property or rights.

67. Defendants Hunter and Dalton abused their official roles by using sheriff procedures to enforce a private party's demand for repossession, without a lawful order or hearing.

68. Defendants Pape Machinery, initiated repossession without judicial oversight, or due process.

69. These actions collectively constitute constructive fraud and an abuse of official process, designed to intimidate, dispossess, and defraud Plaintiff under the guise of lawful authority.

70. Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and sanctions against all Defendants named in this count.

## VI. JUDICIAL NOTICE OF BINDING PRECEDENT AND LEGAL AUTHORITY

1.  United States v. Throckmorton, 98 U.S. 61, 66 (1878): *"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."*

    - Application to Mr. Anufriev's Case: The repossession was initiated without judicial oversight, a signed judgment, or a valid claim of standing. These actions constitute fraud both procedurally and substantively.

    - Controlling Effects of These Proceedings: Under *Throckmorton,* any proceeding tainted by fraud is void ab initio. No court or public officer may lawfully enforce the results of a fraudulently executed repossession. All downstream actions, are legally null regardless of procedural posture.

2. Mathews v. Eldridge, 424 U.S. 319, 333 (1976): *"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."*

- Application to Mr. Anufriev's Case: Mr. Anufriev was not given the opportunity to be heard in a court of law. No hearing was held, no signed judicial order was issued, and no factual record was established. The repossession was scheduled absent due process in both form and substance.

- Controlling Effects on These Proceedings: *Mathews* renders the repossession process unconstitutional where no judicial due process is provided. The repossession without a hearing violates Mr. Anufriev's Fifth and Fourteenth Amendment rights and invalidates the proceeding.

3. Fuentes v. Shevin, 407 U.S. 67, 81-82 (1972): *" The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions."*

- Application to Mr. Anufriev's Case: Mr. Anufriev was deprived of his property rights through process that failed to provide a hearing. The repossession action advanced solely on hearsay and was never subjected to adversarial review. Silence or default does not extinguish constitutional protections.

- Controlling Effect on These Proceedings: Under *Fuentes*, no deprivation of property is lawful without an opportunity to be heard. The repossession is void as a matter of constitutional law. Even alleged default does not override the obligation of the state to provide judicial process before executing a deprivation of property.

4.  Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886): *"Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, the denial of equal justice is still within the prohibition of the Constitution."*

    - Application to Mr. Anufriev's Case: The repossession of Mr. Anufriev's property were pursued through policy and custom—not law. He was denied a hearing, ignored in his lawful requests for verification, and subjected to a process designed to deprive without review. While the system may appear lawful in form, it was weaponized against him in practice.

    - Controlling Effect on These Proceedings: *Yick Wo* confirms that's constitutional violations occur not only through legislation, but how officials enforce rules. The failure of the Deputy and the Sheriff to demand verification before executing judgment constitutes a denial of equal protection and voids the entire process.

5.  Gonzaga Univ v. Doe, 536 U.S. 273, 284 (2002): *"We have held that to seek redress through § 1983, a plaintiff must assert the violation of a federal right, not merely a violation of federal law."*

    - Application to Mr. Anufriev's Case: Mr. Anufriev is not simply alleging a violation of statute—he is asserting direct violations of his due process rights under the Fifth and Fourteenth Amendments, and his right to property under the Fourth Amendment. These are actionable constitutional injuries, not mere technicalities.

    - Controlling Effect on These Proceedings: *Gonzaga* clarifies that § 1983 claims are valid when rooted in specific constitutional rights. Mr. Anufriev's deprivation of

property without a hearing, signed order, or judicial process is exactly the kind of federal injury for which redress must be granted in federal court.

6.  Marbury v. Madison, 5 U.S. 137, 177 (1803): *"It is emphatically the province and duty of the judicial department to say what the law is."*

    • Application to Mr. Anufriev's Case: The judiciary has a non-delegable duty to ensure that only lawful, constitutional procedures are enforced. When a repossession is carried out without a signed judgment, due process, or judicial scrutiny and where court clerks and sheriffs act based on administrative filings rather than orders—the judiciary has abdicated its constitutional role.

    • Controlling Effect on These Proceedings: Under *Marbury*, the Court is obligated to reject all actions that are repugnant to the Constitution. The repossession process used against Mr. Anufriev, lacking adjudication or standing, must be declared void, not merely voidable. No officer, attorney, or court may enforce unconstitutional acts.

7.  Jones v. Flowers, 547 U.S. 220, 226 (2006): *"When notice is required, it must be reasonably calculated to inform the interested part of the action and afford an opportunity to present objects."*

    • Application to Mr. Anufriev's Case: There was no verified complaint, no proper judicial notice, and no valid opportunity for Mr. Anufriev to be heard. There was not proper legal notice—it is entrapment by process.

    • Controlling Effect on These Proceedings: *Jones* controls this case directly. A process that fails to provide meaningful notice and opportunity to be heard violates due process and renders any resulting deprivation—such as

repossession—void. Federal courts are required to intervene and restore due process.

8. North Georgia Fishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 607 (1975): *"The central meaning of procedural due process is the requirement that a person must be given notice and an opportunity to be heard before being deprived of property."*

- Application to Mr. Anufriev's Case: The repossession was executed without a hearing, without judicial review, and without adversarial challenge. Mr. Anufriev was never presented with an opportunity to respond before his property was repossessed.

- Controlling Effect on These Proceedings: Under *North Georgia Fishing. Inc.* a property seizure conducted without due process is unconstitutional. The actions executed without court supervision or notice are unlawful. This repossession must be declared void under federal law, and injunctive relief is necessary to prevent future harm.

## VII. FEDERAL AND STATE STATUTORY AUTHORITY

This section outlines controlling statutory law—both federal and Oregon state—that applies directly to the causes of action. Each statute is quoted in relevant part, analyzed in context of the facts, and shown to have binding effect.

1. U.S. CONST. amend. V – Due Process Clause (Federal): *"No person shall be... deprived of life, liberty, or property, without due process of law...."*

- Application to Mr. Anufriev's Case: Mr. Anufriev was deprived of his property and equity without a hearing, without meaningful notice, and without judicial determination of

standing. There was no signed judgment by an Article III judge. No judge validated it. These actions violate the bedrock principle of due process.

- Legal Effect: Under federal law, any act of government—by court, sheriff, or administrative agency—that deprives a person of property without due process is unconstitutional and void. This clause is enforceable via 42 U.S.C. § 1983 and compels immediate injunctive relief.

2. U.S. CONST. amend. XIV – Due Process Clause (State action): *"...nor shall any State deprive any person of life, liberty, or property, without due process of law..."*

- Application to Mr. Anufriev's Case: All state actors involved participated in a state-sanctioned deprivation of property without legal process. By failing to require a signed judgment, the state violated its constitutional duty.

- Legal Effect: This clause binds all state actors. The lack of lawful procedure, judicial oversight, and evidence in this repossession demands reversal under the Fourteenth Amendment. The actions constitute actionable constitutional torts.

3. 42 U.S.C. § 1983-Civil Action for Deprivation of Rights: *"Every person who, under color of any statute, ordinance, regulation, custom, or usage... subjects, or causes to be subjected... any citizen of the United States... to the deprivation of any rights... shall be liable to the party injured..."*

- Application to Mr. Anufriev's Case: Each Defendant—acting under color of law—ignored Mr. Anufriev's constitutionally protected rights. Pape Machinery acted without a court order. The Deputy and Sheriff ignored the criminal complaint. All these acts deprived Mr. Anufriev of due process, property, and equal protection.

- Legal Effect: This statute is the enforcement mechanism for constitutional violations. The Defendants are personally liable. This action is properly brought in federal court, and all injunctive, declaratory, and monetary remedies are authorized.

4. 18 U.S.C. § 1343-Wire Fraud *"Whoever, having devised any scheme or artifice to defraud... transmits or causes to be transmitted by means of wire... any writings... for the purpose of executing such scheme... shall be fined or imprisoned..."*

- Application to Mr. Anufriev's Case: Email communications, text messages, phone calls of repossession constitute wire fraud. These actions furthered the deprivation of Mr. Anufriev's property through knowingly false claims and reliance on unverified authority.

- Legal Effect: Like mail fraud, wire fraud is a RICO predicate offense. Each electronic action taken to enforce an invalid repossession contributes to the pattern of racketeering under 18 U.S.C. § 1962.

5. 18 U.S.C. § 1962(c)-RICO: Racketeer Influenced and Corrupt Organizations Act: *"It shall be unlawful for any person employed by or associated with any enterprise...to conduct or participate... in the conduct of such enterprises affairs through a pattern of racketeering activity..."*

- Application to Mr. Anufriev's Case: The employees, Deputy, and Sheriff operated as part of a de facto enterprise executing repossession without valid legal process. Claiming lawful standing of ownership, and denying due process all amount to racketeering activity.

- Legal Effect: Mr. Anufriev is entitled to bring a civil RICO action, including claims for treble damages, injunctive relief, and attorney fees under 18 U.S.C. § 1964(c). The court

must treat this case as a pattern of fraud and constitutional violation—not an isolated civil dispute.

## VIII. SUMMARY OF FACTUAL AND LEGAL FINDINGS

1. Georgie Anufriev is the rightful owner of private property 2025 JOHN DEERE 333P-TIER TRACK LOADER. At all relevant times, Mr. Anufriev acted in good faith and with full intent to resolve any dispute concerning the alleged contract in accordance with the law and due process.

2.  The repossession action against Mr. Anufriev was carried out without proper legal standing, judicial oversight, or due process of law. No Article III judge signed a final judgment, nor was a verified complaint substantiating standing properly adjudicated. Despite the absence of any final judgment or lawful order, repossession against Mr. Anufriev's property was executed.

3. Multiple officials—including the Deputy, and Sheriff—acted without verifying whether lawful authority existed for the seizure of the property. These parties had a legal and fiduciary duty to require lawful standing and due process. They failed in this duty.

4. The finance manager and sales representative failed to respond to a request for refusal with cause supported with an affidavit. The responses were either not provided or were substantively deficient, further violating federal law.

5. The totality of the facts presented, together with controlling U.S. Supreme Court precedent and statutory law, demonstrate an unlawful deprivation of Mr. Anufriev's property by private and state actors operating in concert. The repossession process was executed in violation of the Constitution, federal consumer protection statutes, state civil procedure, and basic principles of equity.

## IX. RESERVATION OF JURY TRIAL

Plaintiff expressly reserves his right to trial by jury pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38, and will invoke this right should the Court determine that material facts remain in dispute requiring resolution by a fact-finder.

## X. EXHIBITS INCORPORATED

Plaintiff incorporates the following Exhibits by reference as if fully set forth herein:

Exhibit A-Case # 25-37954 report written by Deputy Dalton

Exhibit B- Criminal Complaint sent to Sheriff Nick Hunter

### Supporting Law on Exhibits and Evidence

Each Exhibit is incorporated into the Verified Complaint for evidentiary and procedural consideration.

U.S. Supreme Court precedent affirms the right of litigants to rely on documentary evidence in facial challenges. See:

- Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986):

  *"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."*

- Celotex Corp. v. Catrett, 477 U.S. 317 (1986):

  *"The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."*

These exhibits go directly to standing, fraud in factum, and constitutional violations-each a foundational element of the Plaintiffs claim or defense.

## XI. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Honorable Court:

1. Declare all repossession proceedings and actions taken by the Defendants to be unlawful, void ab initio, and without legal standing.

2. Award actual, statutory, and punitive damages against all Defendants, jointly and severally, for constitutional violations, fraud, RICO conspiracy, and unlawful deprivation of property rights under 42 U.S.C. § 1983.

3. Refer this matter to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the Oregon Attorney General, and applicable Bar disciplinary authorities for investigation of potential criminal conduct and professional misconduct.

4. Award Plaintiff all costs, including legal consultation expenses, document authentication, filing fees, mailing costs.

5. Preserve Plaintiffs right to a jury trial should material facts remain in dispute.

6. Grant such other and further relief as this Court deems just and proper in the interest of equity and constitutional justice.

## XII. RESERVATION OF RIGHTS TO AMEND

Plaintiff hereby reserves the right to amend this Verified Complaint ass necessary upon review of discovery, newly obtained evidence, or any other information that comes to light during the course of litigation, including but not limited to adding additional claims, parties, or legal theories consistent with Rule 15 of the Federal Rules of Civil Procedure.

Respectfully Submitted this _30_ day of _October_ , 2025

/s/ Anufriev, Georgie
Georgie Anufriev, Pro Se
PO Box 499
Mount Angel, OR 97362

## XIII. VERIFICATION

I, Georgie Anufriev, hereby declare under penalty of perjury under the laws of the United States

of America that the foregoing Verified Complaint is true and correct to the best of my

knowledge, understanding, and belief.

Respectfully submitted this 30 day of October , 2025.

/s/ Anufriev, Georgie
Georgie Anufriev, Pro Se
PO Box 499
Mount Angel, OR 97362

EXHIBIT-A

# MARION COUNTY SHERIFF'S OFFICE DISPATCH REPORT

**Incident Number**                      2025-00037954

**Response**

| | |
|---|---|
| Location: | 6483 KEENE RD NE MARION COUNTY |
| Case Number | 202500037954 |
| Responce Type: | CIVIL COMPLAINT LATE |
| Creation Date: | 8/1/2025 09:19:50 |
| Priority: | Low |
| Primary Unit: | |

| | |
|---|---|
| Beat: | SMS01 |
| Quadrant | WBF-0404 |

**Status Codes**

| Code | TimeStamp |
|---|---|
| Cleared | |

**Caller Information**

Caller Name:                                                                Caller Phone:          5039510768

**Caller Address**

**Narrative**

| Note | Officer LF | Date/Time | Narrative Type |
|---|---|---|---|
| OCCD YESTERDAY.. SKID STEER WAS STOLEN | Gwyn, Maggie | 8/1/2025 09:20:12 | User Entry |
| SOUNDS POSSIBLE CIVIL.. C HAD A CONTRACT WITH JOHN DEER AND WAS SUPPOSED TO HAVE 90 DAYS BEFORE HE WAS REQUIRED TO MAKE HIS FIRST PAYMENT.. JOHN DEER CAME AND TOOK THE SKID STEER YESTERDAY WITHOUT EXPLANATION | Gwyn, Maggie | 8/1/2025 09:23:13 | User Entry |
| A199: I called George, of G.V. Excavation, LLC. He told me his exvacator was stolen. I asked George if it was repossessed, as that is what he told the call taker. George told me Pape Machinery Construction & Forestry (1425 NE Columbia Blvd, Portland, OR 97211) took the excavator yesterday, but refused to give him a reason why. | DALTON, CHRISTIAN | 8/1/2025 09:42:38 | User Entry |
| A199: I called Pape Machinery, and spoke with Joan Neely. She told me the excavator was repossed yesterday, as George had the piece of machinery for a month without signing any finance or warranty paperwork. Joan told me George was essentially using the machine for a month for free, so it was repossed. I thanked Joan for speaking with me, and I explained the civil nature of this. | DALTON, CHRISTIAN | 8/1/2025 09:43:42 | User Entry |
| A199: I called George, and explained to him that the excavator was repossesed. George said that is theft. I explained to him the civil nature of this. George claims he signed the contract. I explained to George this was a civil issue, and law enforcement had no legal authority in this matter. George was upset I wouldn't look at the contract. I kept telling him this was a civil issue. George then wanted Pape Machinery charged with trespassing. I told George they had a legal right to be there, to repossess their piece of property, and that it was not trespassing. George said he was going to sue Pape Machinery in federal court, and he requested a case number, which I provided. When asked, George had no further questions or concerns. | DALTON, CHRISTIAN | 8/1/2025 09:45:42 | User Entry |
| 00-CLEAR. NFA. CDALTON/A199/57689. | DALTON, CHRISTIAN | 8/1/2025 09:45:51 | User Entry |
| APPROVED. AIC D. BUSH A188/59211 | BUSH, DOUGLAS | 8/1/2025 09:54:03 | User Entry |

**Persons**

| Primary Caller | Role | Name | Address | Phone |
|---|---|---|---|---|
| Y | Involved | ANUFRIEV GEORGE | | (503) 951-0768 |

**Unit Dispositions**

| Name | Description | Unit Number | Disposition Date |
|------|-------------|-------------|------------------|
| 00 | No Report | A199 | 8/1/2025 9:46:16 AM |
| APPROVED | APPROVED NO REPORT | A188 | 8/1/2025 9:54:03 AM |

**Units**

| ORI | Number | Dispatched | Enroute | Staged | Arrived | Transported | Cleared |
|-----|--------|-----------|---------|--------|---------|-------------|---------|
| OR0240000 | A199 | 8/1/2025 9:29 | | | | | 8/1/2025 9:46 |
| OR0240000 | A188 | 8/1/2025 9:53 | | | | | 8/1/2025 9:54 |

**Call Logs**

| Entered Date | Action | Description | Officer |
|--------------|--------|-------------|---------|
| 8/1/2025 4:19:50 PM | Call Created | New call created. Call Type: >SELECT TYPE<, Location: <UNKNOWN> | Gwyn, Maggie |
| 8/1/2025 4:19:53 PM | Location | Call Location Changed from <UNKNOWN> to 6483 KEENE RD NE, GERVAIS | Gwyn, Maggie |
| 8/1/2025 4:19:53 PM | Address Verified | Call Location Changed from Unverified To Verified | Gwyn, Maggie |
| 8/1/2025 4:19:53 PM | Location | Cross streets updated, NB INTERSTATE 5 FW / PORTLAND RD NE, DUCK INN RD NE | Gwyn, Maggie |
| 8/1/2025 4:19:54 PM | Alerts Retrieval | Alerts Were Successfully Gathered For Location At Address 6483 KEENE RD NE | |
| 8/1/2025 4:19:58 PM | Alerts Accessed | Viewed Alerts Tab | Gwyn, Maggie |
| 8/1/2025 4:20:12 PM | Narrative Added | OCCD YESTERDAY.. SKID STEER WAS STOLEN | Gwyn, Maggie |
| 8/1/2025 4:21:16 PM | Call Updated | Caller Phone Changed to (503) 951-0768 | Gwyn, Maggie |
| 8/1/2025 4:21:16 PM | Call Updated | Caller Added: Role - Involved; | Gwyn, Maggie |
| 8/1/2025 4:21:34 PM | Call Updated | Caller Updated: Name Changed from  to ANUFRIEV, GEORGE | Gwyn, Maggie |
| 8/1/2025 4:21:36 PM | Agency Context Added | Police Call Type Added. Call Type: CIVIL3, Status: Not In Progress, Priority: Low | Gwyn, Maggie |
| 8/1/2025 4:21:36 PM | Call Assigned | Added Police Dispatch Position MC/LC | Gwyn, Maggie |
| 8/1/2025 4:21:36 PM | Call Assigned | Added Police Area Position MC | |
| 8/1/2025 4:22:55 PM | Call Updated | Nature Of Call  Changed  To / | McCartt, Alexandra |
| 8/1/2025 4:23:13 PM | Narrative Added | SOUNDS POSSIBLE CIVIL.. C HAD A CONTRACT WITH JOHN DEER AND WAS SUPPOSED TO HAVE 90 DAYS BEFORE HE WAS REQUIRED TO MAKE HIS FIRST PAYMENT.. JOHN DEER CAME AND TOOK THE SKID STEER YESTERDAY WITHOUT EXPLANATION | Gwyn, Maggie |
| 8/1/2025 4:29:10 PM | Call Ready for Dispatch | Call marked ready for dispatch | DALTON, CHRISTIAN |
| 8/1/2025 4:29:10 PM | Unit Status Action | Unit A199 Dispatched | DALTON, CHRISTIAN |
| 8/1/2025 4:29:10 PM | Unit Location | Unit A199 Secondary Location Updated: Secondary Location Cleared Performed by Mobile Unit A199 | DALTON, CHRISTIAN |
| 8/1/2025 4:29:11 PM | Incident Created | Added Incident Number, ORI: OR0240000, Number: 2025-00037954 | DALTON, CHRISTIAN |
| 8/1/2025 4:29:30 PM | Call Updated | Nature Of Call  Changed  From / To * | McCartt, Alexandra |
| 8/1/2025 4:42:38 PM | Narrative Added | A199: I called George, of G.V. Excavation, LLC. He told me his exvacator was stolen. I asked George if it was repossessed, as that is what he told the call taker. George told me Pape Machinery Construction & Forestry (1425 NE Columbia Blvd, Portland, OR 97211) took the excavator yesterday, but refused to give him a reason why. | DALTON, CHRISTIAN |

| | | | |
|---|---|---|---|
| 8/1/2025 4:43:42 PM | Narrative Added | A199: I called Pape Machinery, and spoke with Joan Neely. She told me the excavator was repossed yesterday, as George had the piece of machinery for a month without signing any finance or warranty paperwork. Joan told me George was essentially using the machine for a month for free, so it was repossed. I thanked Joan for speaking with me, and I explained the civil nature of this. | DALTON, CHRISTIAN |
| 8/1/2025 4:45:42 PM | Narrative Added | A199: I called George, and explained to him that the excavator was repossessed. George said that is theft. I explained to him the civil nature of this. George claims he signed the contract. I explained to George this was a civil issue, and law enforcement had no legal authority in this matter. George was upset I wouldn't look at the contract. I kept telling him this was a civil issue. George then wanted Pape Machinery charged with trespassing. I told George they had a legal right to be there, to repossess their piece of property, and that it was not trespassing. George said he was going to sue Pape Machinery in federal court, and he requested a case number, which I provided. When asked, George had no further questions or concerns. | DALTON, CHRISTIAN |
| 8/1/2025 4:45:52 PM | Narrative Added | 00-CLEAR. NFA. CDALTON/A199/57689. | DALTON, CHRISTIAN |
| 8/1/2025 4:45:54 PM | Incident Type | Incident Type changed from CIVIL3 to *REVIEW-SMS for OR0240000 Incident Number 2025-00037954 | DALTON, CHRISTIAN |
| 8/1/2025 4:46:16 PM | Unit Status Action | Unit A199 rerouted to call 7620 | DALTON, CHRISTIAN |
| 8/1/2025 4:53:38 PM | Unit Status Action | Unit A188 Dispatched | BUSH, DOUGLAS |
| 8/1/2025 4:53:38 PM | Unit Location | Unit A188 Secondary Location: Secondary Location Cleared Performed by Mobile Unit A188 | BUSH, DOUGLAS |
| 8/1/2025 4:54:03 PM | Narrative Added | APPROVED. AIC D. BUSH A188/59211 | BUSH, DOUGLAS |
| 8/1/2025 4:54:03 PM | Unit Status Action | Unit A188 Available | BUSH, DOUGLAS |
| 8/1/2025 4:54:03 PM | Call Cleared | Close Call | BUSH, DOUGLAS |

**Unit Logs**

| Date | Action | Description | Officer |
|---|---|---|---|
| 8/1/2025 9:29:10 AM | Call Created | Dispatched Call Number: 7803, Assigned Location: 6483 KEENE RD NE, GERVAIS, Call Type: CIVIL3 Performed by Mobile Unit A199 | DALTON, CHRISTIAN |
| 8/1/2025 9:29:10 AM | Person Updated | Secondary Location Cleared Performed by Mobile Unit A199 | DALTON, CHRISTIAN |
| 8/1/2025 9:46:16 AM | Service Vehicle Rotation | Added: 00 Count 1 | DALTON, CHRISTIAN |
| 8/1/2025 9:46:16 AM | Associated Calls | Unit Cleared From Call | DALTON, CHRISTIAN |
| 8/1/2025 9:53:38 AM | Call Created | Dispatched Call Number: 7803, Assigned Location: 6483 KEENE RD NE, GERVAIS, Call Type: CIVIL3 Performed by Mobile Unit A188 | BUSH, DOUGLAS |
| 8/1/2025 9:53:38 AM | Person Updated | Secondary Location Cleared Performed by Mobile Unit A188 | BUSH, DOUGLAS |
| 8/1/2025 9:54:03 AM | Service Vehicle Rotation | Added: APPROVED Count 1 | BUSH, DOUGLAS |
| 8/1/2025 9:54:03 AM | Associated Calls | Unit Cleared From Call | BUSH, DOUGLAS |
| 8/1/2025 9:54:03 AM | Call Created | Available | BUSH, DOUGLAS |

Exhibit B

# FORMAL NOTICE TO PUBLIC OFFICIALS LEGAL AND CONSTRUCTIVE NOTICE

**TO**: MARION COUNTY SHERIFF'S OFFICE

**RE**: CRIMINAL COMPLAINT OF FRAUD, FALSE CLAIMS, RACKETEERING, JUDICIAL FRAUD, AND PROPERTY DEPRIVATION

**COMPLAINANT:** Georgie Anufriev

## THIS IS A FORMAL CRIMINAL COMPLAINT

DO NOT DESTROY, DISMISS, DELAY, OBSTRUCT, OR MUTILATE THIS FILING This document is a lawful sworn affidavit and criminal complaint. Any attempt to interfere with its filing, processing, investigation, or evidentiary status shall constitute a federal and state criminal offense.

### STATUTORY DUTY TO ACCEPT COMPLAINT - OREGON LAW

### ORS 204.020 – Oath of Office

*"the person...must qualify by filing with the county clerk ... the person's **oath of office**, subscribed by the person, to the effect that the person will support the Constitution of the United States and of this state, and faithfully carry out the office being assumed."*

### ORS 162.405 – Official Misconduct in the Second Degree

*(1) A public servant commits the crime of official misconduct in the second degree if the public servant **knowingly fails to perform a duty** imposed upon the public servant by law or one clearly inherent in the nature of office.*

*(2) Official misconduct in the second degree is a **Class C misdemeanor**.*

### ORS 133.450 – Person Arrested to be Taken Before Magistrate

*"When an arrest is made without a warrant, the person arrested **shall be taken without unnecessary delay before a magistrate** having jurisdiction in the case, **unless the person is released**."*

### ORS 44.330 – Oral statements reduced to writing

*"When an **affidavit is made orally**, the officer shall **cause it to be reduced to writing and to be subscribed by the affiant**."*

**ORS 44.320 – Before whom affidavits may be taken**

*"Affidavits can only be taken by judges, clerks, notaries, or other officials authorized to administer oaths."*

These statutes impose a non-discretionary duty upon the Sheriff and deputies to receive, document, and process criminal complaints, especially those submitted under oath and supported by documentary evidence.

**FEDERAL LAW - MANDATORY DUTY TO PROCESS CRIMINAL REPORTS**

**18 U.S.C. § 4-Misprision of Felony**

*"Whoever having knowledge of the actual commission of a felony... conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority... shall be fined or imprisoned... "*

**18 U.S.C. § 1519 - Obstruction of Justice (Destruction or Alteration of Records)**

*"Whoever knowingly alters, destroys, mutilates, conceals... with intent to impede, obstruct, or influence the investigation... shall be fined or imprisoned... "*

**18 U.S.C. § 242 - Deprivation of Rights Under Color of Law**

*"Whoever, under color of law... willfully subjects any person... to the deprivation of any rights... shall be fined... or imprisoned... "*

**NOTICE TO PUBLIC OFFICIALS**

The undersigned, Georgie Anufriev, is submitting the attached sworn affidavit and criminal complaint in accordance with Oregon and federal law. The Marion County Sheriff and his deputies are lawfully bound to accept this complaint, open a case file, and refer the matter for criminal investigation. Any willful refusal, delay, or obstruction will be documented and referred to federal oversight and internal affairs for disciplinary and criminal review.

Complainant:

/s/ Anufriev, Georgie

Georgie Anufriev, Lawful Property Owner

2025 JOHN DEERE 333 P-Tier

Compact Track Loader-05768023

# SWORN CRIMINAL COMPLAINT AND AFFIDAVIT

Submitted by:    Georgie Anufriev

Property:    2025 JOHN DEERE 333 P-Tier Compact Track Loader-05768023


To Be Filed With:    Nick Hunter

Marion County Sheriff's Office

100 High St. NE, basement. Salem, Oregon 97301

Phone:    (503) 588-5044


## I. COMPLAINANT STATEMENT

I, Georgie Anufriev, under penalty of perjury, submit this sworn criminal complaint and affidavit to formally report a coordinated and ongoing conspiracy to deprive me of my Personal Property, my rights, and my access to justice. This conspiracy includes acts of forgery, fraud, obstruction of justice, and racketeering, as defined under both Oregon law and federal law, including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.

The facts below establish that a private financial entity, aided by public officials acting outside lawful authority, knowingly engaged in a fraudulent Repossession scheme

designed to seize my property using falsified legal instruments, and deliberate suppression of evidence.

## II. NAMED OFFENDING PARTIES

Private Entities:

- Pape Machinery, Inc.

- Law Enforcement Officer:

- Deputy Dalton Badge# 57689 Marion County Sheriff's Department

## III. STATEMENT OF CRIMINAL FACTS

The repossession of my property that happened at 6483 Keene Rd NE. Gervais, Oregon 97026. Which happened on Thursday the 31st of July.

In the month of June of 2025 I came into contact with Burke Ellis a sales representative of Papes Machinery Inc. located at 1425 NE Columbia Blvd. Portland, OR 97211about replacing one of my machines (2023 JOHN DEERE 325G Track Loader) for a 2025 JOHN DEERE 333P-Tier Track Loader. I was sent a purchase agreement for the replacement of the machine on July 7th 2025 which was signed by me and emailed back to Burke Ellis. The trade of the equipment happened on July 21st 2025 with my consent to come on to the property and swap the machines out. I was in full possession of the 333P-tier Track loader and on July 28th 2025 at 4:12 PM I received an email for a Retail Installment Contract- Security Agreement from Amanda Nealy the Finance Manager of Papes Machinery. Joann Nealy and Burke Ellis were CC'd in the email. I printed the agreement out and signed the agreement and emailed it back to them. I received an email stating that the paperwork was signed incorrectly. I asked them to send me in writing what was wrong with the signing of the contract with a supporting affidavit of truth under the pains and penalties of perjury under the laws of the United States of America in writing. I received multiple phone calls and text messages from Amanda Nealy and Burke Ellis asking to come in contact with them. I sent one final email stating all conversations will be in writing and anymore phones calls, texts and emails will be considered harassment. On July 31st 2025 at 5:31 pm I received a text message from Burke Ellis stating that my older machine is ready for pick up in Portland. After receiving the message, I got into contact with the property owner of 6483 Keene Rd NE. Gervais, Oregon 97026 where the equipment was being stored and asked him if my machine was still on the property. He informed me it was not and sent me a picture also. I asked if he seen who came on the property or gave anyone the right to come on to the property to pick up the machine and he informed me that he did not. He also has no trespass signs posted on the property. On Friday August 1st 2025 I called the Marion County Sheriffs Office to talk to an Officer. Deputy Dalton Badge #57689 called back and asked me what was going on. I stated that my machine was taken off the property the day prior and told him that I believe that someone from Papes Machinery came on the property and took it. Deputy Dalton stated that he will conduct an investigation and called Papes Machinery. Deputy Dalton called me back stating that Papes Machinery had all the rights to come on the property and take the machine. I asked him how are they able to do that when I have the contract signed in hand. I also offered to show him the contract and he refused to take a look

at it stating that Oregon law does not permit for the Sheriffs to be involved in Civil matters.

No paperwork was received. A clear violation of the 4th amendment and a clear violation of my right to due process under the 5th and 14th amendment. No evidentiary hearing was held or warrant was issued.

## IV. FEDERAL AND STATE CRIMINAL STATUTES VIOLATED

- 18 U.S.C. § 471 - Forgery of securities

- 18 U.S.C. § 472 - Uttering forged instruments

- 18 U.S.C. § 1341 - Mail Fraud

- 18 U.S.C. § 1343 - Wire Fraud

- 18 U.S.C. § 241 - Conspiracy Against Rights

- 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law

- 18 U.S.C. § 1001 - False Statements

- 18 U.S.C. § 1512 - Obstruction of Justice

- 15 U.S.C. § 1692e - Fair Debt Collection Practices Act - False Representation

## V. PATTERN OF RACKETEERING - 18 U.S.C. § 1962 (RICO)

The coordinated acts of Pape Machinery, and the lack of enforcing the constitution and due process under Deputy Daltons oath of office form a criminal enterprise as defined under the Racketeer Influenced and Corrupt Organizations Act (RICO):

- Use of forged instruments to simulate lawful repossession,
- Electronic and mail-based transmission of fraudulent filings,
  Suppression of valid evidence and dismissal of constitutional claims,
- Acts carried out by individuals lacking legal authority under state and federal law.

18 U.S.C. § 1962(c): It is unlawful for any person associated with an enterprise engaged in interstate commerce to conduct that enterprise's affairs through a pattern of racketeering activity.

18 U.S.C. § 1962(d): It is unlawful to conspire to violate § 1962.

The conduct I have described meets and exceeds the statutory threshold for a criminal RICO prosecution.

## VI. DEMAND FOR CRIMINAL INVESTIGATION AND PROSECUTION

I respectfully demand the following:

1. A criminal investigation opened by the Marion County Sheriff's Office;
2. Immediate referral to the Oregon Department of Law Enforcement, Office of Statewide Prosecution, and the U.S. Department of Justice;
3. Indictments of those named for forgery, fraud, racketeering, and conspiracy;
4. Vacatur of all void orders issued without lawful jurisdiction or authority;
5. Restitution of my property, and public exposure of this criminal conspiracy.

I declare under penalty of perjury that the foregoing is true and correct. This affidavit is submitted as a formal criminal complaint and statutory demand for investigation and prosecution.

Complainant:

/s/ _Anufriev, Georgie_

Georgie Anufriev. Lawful Property Owner

2025 JOHN DEERE 333 P-Tier

Compact Track Loader-05768023

## JURAT (FOR NOTARY)

State of Oregon

County of Marion

Sworn to and subscribed before me this day ___21ˢᵗ___ of _August_ 2025 by Georgie Anufriev, who is personally known to me or presented valid identification.

Notary Public Signature: _Linda Kay Kuderer_

Commission Expires: ___01/17/2026___

Seal:

OFFICIAL STAMP
**LINDA KAY KUDERER**
NOTARY PUBLIC - OREGON
COMMISSION NO. 1020906
MY COMMISSION EXPIRES JANUARY 17, 2026