**Heather C. Beasley, OSB No. 965443**
E-mail: hbeasley@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

**Of Attorneys for Defendant Papé Machinery**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| Georgie Anufriev, Pro Se, Lawful Property Owner),<br><br>Plaintiff,<br><br>v.<br><br>PAPE MACHINERY,<br>NICK HUNTER, Sheriff of Manon County Oregon, In his personal and professional Capacity,<br>CHRISTIAN DALTON, Deputy of Marion County Oregon, In his personal and professional capacity,<br><br>Defendants. | Case No. 6:25-cv-02260-MTK<br><br>**DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>ORAL ARGUMENT REQUESTED |

**<u>LR 7-1(a) CERTIFICATION</u>**

Counsel for Defendant Papé Machinery ("Papé") certifies they made a good faith effort to resolve the disputes implicated by the motions below but were unable to do so. This included several attempts to confer telephonically with Plaintiff Georgie Anufriev ("Plaintiff"); however, his phone went to voicemail at each attempt, and Plaintiff's voicemail inbox was full. Counsel for Papé sent a follow-up email to Plaintiff, and thereafter received a voicemail acknowledging

**DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

receipt of the email, but no information as to Plaintiff's position on the issues raised herein. When counsel again attempted to confer telephonically, Plaintiff's phone again went to voicemail, and Plaintiff's voicemail inbox was still full.

<u>**LR 7-2(b)(2) CERTIFICATE OF COMPLIANCE**</u>

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains approximately 3945 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

<u>**MOTIONS**</u>

Papé, by and through its undersigned counsel, moves to dismiss each claim for relief asserted against it by Plaintiff. Specifically, Papé seeks the entry of orders:

I. Dismissing Count One (Deprivation of Civil Rights-Due Process Violation Under 42 U.S.C. § 1983);

II. Dismissing Count Two (Fraud);

III. Dismissing Count Three (Civil RICO-racketeering Influenced and Corrupt Organizations Act – 18 U.S.C. §1961-1964);

IV. Dismissing Count Six (Conspiracy to Deprive Civil Rights Under 42 U.S.C. § 1985(3)); and

V. Dismissing Count Seven (Constructive Fraud and Abuse of Official Process).

These Motions are supported by the Legal Memorandum below and the Court's records and files.

<u>**LEGAL MEMORANDUM**</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), Papé seeks orders dismissing all claims against Papé.

**I.    Standard on Motions to Dismiss**

In considering a motion to dismiss, the court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v.*

Page 2   **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

*Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). However, the court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain sufficient factual matter that, when accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is "plausible on its face" when plaintiff pleads factual content that allows a reasonable inference that defendant is liable for the alleged misconduct. *Id.* Although factual allegations are assumed true, labels and conclusions, formulaic recitations of the elements, and naked assertions without further factual allegations are not. *Id.* at 678.  Ultimately, if the non-conclusory factual content, and the reasonable inferences from that content, fail to state a claim that is plausible on its face, then the claim must be dismissed. *See Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Courts may take judicial notice of matters of public record and consider them when reviewing motions to dismiss. *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

Federal courts apply state substantive law cases. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). When applying state law, a federal court is bound by the decisions of the state's highest court. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). If there is no binding decision on a relevant issue of law, the federal court must apply the law as it believes the state's highest court would apply it. *See Id*. The federal court's duty "is to ascertain and apply the existing [state law], not to predict that [the state] may change its law." *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (quoting *Klingebiel v. Lockheed Aircraft Corp*., 494 F.2d 345, 346 (9th Cir.1974) (internal quotation marks omitted). In ascertaining how a state's highest court would apply state law, the federal court may consider "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance." *Tompkins v. 23andMe, Inc*., 840 F.3d 1016, 1023 (9th Cir. 2016) (internal citations omitted).

///

Page 3    **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

## II.    Introduction

Plaintiff's Complaint contains minimal factual allegations. However, in support of his Complaint, Plaintiff has included two exhibits, one of which is his "Sworn Criminal Complaint and Affidavit" signed by Plaintiff and apparently submitted by him to the Marion County Sheriff's Office. *See* Complaint. As this document appears to be a public record, the Court may consider it in the context of this motion. In his affidavit Plaintiff elaborates on the allegations in his Complaint. In pertinent part, these include:

- Plaintiff contacted Papé about replacing his equipment in June 2025 and was sent a "purchase agreement" on July 7, 2025, which he signed and returned.
- On July 21, 2025, Papé delivered the new equipment and hauled away Plaintiff's old equipment (which he was trading in towards the purchase of the new equipment).
- On July 28, 2025, Plaintiff received an email from Papé with a Retail Installment Contract-Security Agreement for the new equipment. Plaintiff printed, signed, and emailed the agreement back to Papé.
- Papé responded by email and indicated Plaintiff had completed the paperwork incorrectly. Plaintiff then demanded that Papé tell him "in writing what was wrong with the signing of the contract and a supporting affidavit of truth under the pains and penalties of perjury under the laws of the United States of America in writing."
- Thereafter, Papé made multiple attempts to contact Plaintiff by phone and text message asking him to contact Papé.
- Plaintiff again responded by email demanding that all contact be in writing.
- On July 31, 2025, Papé text messaged Plaintiff that his old equipment was ready for pickup. Plaintiff then contacted the owner of the property where the new equipment had been stored and asked if the equipment was still there. He was informed that it was not.

It bears noting the document referred to by Plaintiff as a "purchase agreement" appears to be a "Quote Summary" prepared by Papé.

As a threshold matter, Plaintiff's own allegations establish he never executed a Retail Installment Contract for the new equipment and therefore never legally owned the equipment at issue. Further, Oregon law follows the Uniform Commercial Code ("UCC") and provides for repossession of collateral without judicial process. ORS 79.0601 provides that secured parties have certain statutory rights as well as those rights provided by agreement of the parties. These statutory rights include the right to take possession of collateral without judicial process provided

Page 4    **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

they proceed without a breach of the peace. ORS 79.0609. A "breach of the peace" is not defined by the statute, but a creditor's entry onto property and removal of equipment accomplished without confrontation is generally considered not to be a "breach of the peace." *See Headspeth v. Mercedes-Benz Credit Corp.*, 709 A.2d 717 (D.C. 1998).

Notwithstanding the above, Plaintiff's allegations fail to state any claim for relief as against Papé. As discussed below, each of these claims are either inapplicable to Papé or Plaintiff has failed to plead ultimate facts sufficient to sustain his claims.

### III.    Motion to Dismiss Count One

Plaintiff asserts Papé acted under the color of state law to deprive him of procedural due process by repossession of its property without a hearing. A claim under § 1983 claim has two essential elements: (1) the defendant deprived plaintiff of a right secured by the Constitution or federal law and (2) the defendant acted under color of state law. 42 U.S.C. § 1983. As to the former, a plaintiff must identify a specific constitutional provision or federal law and demonstrate how the defendant's conduct infringed upon that right; the latter element requires proof the defendant was exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941);  *see also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." (citations and internal quotation marks omitted).

As a threshold matter, Plaintiff never legally owned the property at issue. His own allegations establish that Papé informed him that he had not correctly executed the security agreement for the new property, after which Plaintiff refused to further engage with Papé. Second, as noted above, the law does not entitle Plaintiff to a hearing. *See* ORS 79.0609 ("After default, a secured party may take possession of the collateral… without judicial process, if it proceeds without breach of the peace."). Plaintiff's own allegations establish that Papé's repossession was accomplished without any breach of the peace. Third, and most fatal to

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
**T (503) 222-4422 F (503) 222-4428**

Plaintiff's allegation, there is no allegation Papé enlisted the aid of any state entity in the repossession of Papé's property. Oregon Courts have previously determined that state authorization of self-help repossession alone is insufficient to satisfy the "state action" requirement:

> We conclude that state authorization under the [UCC] of private self-help repossessions *is not sufficient state involvement in the private acts of individuals to constitute the 'state action' necessary to invoke the Due Process Clause of the Fourteenth Amendment*. The action by the state or its agents must not be passive but direct… or to the extent that the state could be said to be the instigator or the accomplice of acts amounting to encouragement of discrimination… Here, whether the repossession was done under the conditional sales agreement or under the authorization of the [UCC], we are concerned with the private acts of private individuals. The repossession did not involve the state or any aid or assistance from the state or its officers or agents. Under these circumstances it cannot be said that the State has deprived the plaintiffs of their property without due process of law.

*Brown v. U. S. Nat. Bank of Oregon*, 265 Or. 234, 241 (1973) (emphasis added). This harmonizes with other jurisdictions that have considered the question, including Ohio, California, Massachusetts, Oklahoma, Arkansas, Washington, and Kansas. *See Ford Motor Credit Co. v. Ryan*, 2010-Ohio-4601, ¶ 42, 189 Ohio App. 3d 560, 586 (2010) (surveying other jurisdictions' treatment of the issue).

Here, Plaintiff has made no allegation of state aid or assistance in Papé's repossession of the new equipment. To the contrary, Plaintiff's allegations establish he was wholly unaware of the repossession until he was informed by Papé. His allegations also establish that the repossession was unwitnessed. Accordingly, it is impossible for Plaintiff to plead the requisite state action to sustain this claim. Count One should be dismissed as to Papé.

**IV.     Motion to Dismiss Count Two**

In Count Two, Plaintiff makes the naked allegation that Papé's repossession of its own property was "fraudulent conduct." Plaintiff cites no authority for this claim, statutory or otherwise. Assuming arguendo Plaintiff is attempting to make a claim for common law fraud,

Page 6   **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

Oregon case law articulates the following necessary elements: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336 (2011). "In Oregon, a plaintiff may show fraud by affirmative misrepresentation, omission, or actual or active concealment." *Unigestion Holdings, S.A. v. UPM Tech., Inc.*, 580 F. Supp. 3d 932, 948–49 (D. Or. 2022).

Here, there is no allegation whatsoever that Papé made any affirmative misrepresentation, omission, or attempt to conceal what it was doing. Plaintiff's own allegations are that Papé communicated to Plaintiff that he needed to correctly execute his agreement; he refused; Papé attempted to follow up and was rebuffed; Papé proceeded to repossess its equipment; and Papé thereafter informed Plaintiff of the same and made his old equipment available to him. Plaintiff has not alleged that Papé made any false material misrepresentation or omission. Plaintiff has not alleged Papé made any such misrepresentation with the intent or even expectation Plaintiff would rely thereon. Plaintiff has also failed to set forth allegations that he in fact relied upon any misrepresentation or omission. Rather than establishing any concealment of Papé's actions, Plaintiff's allegations establish that Papé took the affirmative step of notifying Plaintiff that it had repossessed its equipment.

Finally, Plaintiff has not sufficiently pled any alleged damages resulting from any reliance. Plaintiff claims only that he "suffered damages and faced irreparable harm," without any detail whatsoever as to the nature or extent of said damages. Plaintiff's allegations do, however, establish that his old equipment was made available to him, placing him in the exact same position he would have occupied before taking possession of the new equipment. In short, Plaintiff cannot establish he was damaged. Count Two should be dismissed as to Papé.

///

Page 7   **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

## V.     Motion to Dismiss Count Three

Plaintiff alleges Papé engaged in a pattern of racketeering as part of an enterprise with law enforcement. To establish a civil RICO claim, a plaintiff must allege "(1) conduct; (2) of an enterprise; (3) through a pattern (4) of racketeering activity (known as predicate acts); (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431 F.3d 353, 361 (9th Cir. 2005). As to the last element, establishing standing requires that a plaintiff be a "person injured in his business or property by reason of a violation of" 18 U.S.C. § 1962. 18 U.S.C. § 1964(c). Put another way, a civil RICO plaintiff must demonstrate "(1) that [their] alleged harm qualifies as injury to [their] business or property; and (2) that [their] harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992)). "RICO standing requires compensable injury *and* proximate cause." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008) (emphasis added). In addition to alleging injury to a business or property interest, the Ninth Circuit requires a civil RICO plaintiff to allege proof of "concrete financial loss." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (citing *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1990) (*abrogated on other grounds*).

As a threshold matter, Plaintiff's Complaint fails to establish any "injury to business or property." He alleges only that he "suffered injury to property and dispossession" without any detail as to the nature of these alleged injuries, much less any "concrete financial loss" proximately caused by Papé. Simply restating the elements of a claim is insufficient to state a claim. Furthermore, there can be no injury here because Plaintiff's old equipment was made available to him for use, restoring him to the position he originally occupied. It also bears noting that deprivations of constitutional rights are considered personal injuries not protected by RICO. *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 613 (S.D.N.Y. 2015) ("[T]he deprivation of constitutional rights is a personal injury that is not protected by RICO.").

Page 8    **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

Plaintiff also fails to allege cognizable predicate acts. Predicate acts are statutorily enumerated at 18 U.S.C. § 1961. They include wire fraud, which Plaintiff has alleged, but do not include "honest services fraud," which he has also alleged. As such, any allegation of "honest services fraud" as a predicate act fails on its face. The elements of mail and/or wire fraud consist of (1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent. *United States v. Pharis*, 298 F.3d 228, 233-34 (3d Cir. 2002). In a civil RICO claim, allegations of mail and wire fraud are subject to the heightened pleading standard in Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n, Inc.*, 751 F. App'x 293, 297-98 (3d Cir. 2018) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)).

Here, Plaintiff has not asserted any facts that would establish a scheme to defraud. *See Associates in Adolescent Psychiatry v. Home Life Ins. Co.*, 751 F.Supp. 727, 730 (N.D.Ill.1990), *aff'd* 941 F.2d 561 (7th Cir.1991), *cert. denied*, 502 U.S. 1099 (1992) (A scheme to defraud consists of (1) a false representation of material fact, (2) known to be false when made, (3) plaintiff's reasonable reliance on the misrepresentation, and (4) injury as a result of such reliance.); *Maki v. Grenda*, No. 92-CV-0819E(M), 1993 WL 427456, at *1 (W.D.N.Y. Oct. 15, 1993) ("To state fraud with particularity, a plaintiff must specify the time, place, actor and contents of the alleged misrepresentations, *Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986), and, where multiple defendants are involved, each defendant ought to be informed of the nature of its alleged particular participation in the fraud, *DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987).”). As discussed above, Plaintiff's allegations do not establish the requisite elements for a scheme to defraud. Instead, Plaintiff has made the conclusory allegation that "email communications, text messages, phone calls of repossession constitute wire fraud." Formulaic recitations are insufficient to state a claim, and Plaintiff has failed to set forth any detail whatsoever as to the content of the communications alleged and how they rise to the level of wire fraud. As Plaintiff offers no supporting facts or allegations -- for instance establishing that Papé has perpetrated any scheme to defraud, the time and place thereof, the

Page 9    **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

person(s) responsible for the statements or representations, or how Plaintiff was misled and injured -- he cannot state a claim. Count Three should be dismissed as to Papé.

## VI.    Motion to Dismiss Count Six

Plaintiff alleges that Papé entered into an agreement with law enforcement to deprive him of his constitutional rights. A claim for conspiracy to interfere with or deprive one's civil rights has the following elements: (1) a conspiracy between defendants, (2) undertaken to deprive plaintiff of equal protection or equal privileges and immunities, (3) an act in furtherance of the conspiracy, and (4) an injury or deprivation resulting therefrom or be injured in his person or property or be deprived of having and exercising any right or privilege of a citizen. 42 U.S.C. § 1985(3); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Critically, to establish such a claim, a plaintiff must show some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (internal quotations omitted); *Jackson v. Cnty. of Los Angeles*, 29 F. App'x 430, 435 (9th Cir. 2001). "In this context, 'class-based animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex." *Martin v. New York State Dep't of Corr. Servs.*, 115 F. Supp. 2d 307, 316 (N.D.N.Y. 2000).

Plaintiff's allegations fail to establish any of the requisite elements for this claim. Plaintiff offers nothing beyond naked assertions and conclusory allegations of any conspiracy or acts undertaken in furtherance of such conspiracy. Plaintiff's own allegations establish that he cannot clear this threshold as he was neither present for the repossession nor did anyone witness the repossession. Plaintiff also fails to provide anything more than conclusory allegations of any injury to his person or property. Critically, he fails to establish any requisite class-based animus necessary to sustain this claim. Plaintiff has not alleged any animus directed at him by virtue of his race, national origin, sex, or other class. As such, Plaintiff's claim fails on its face, and Count Six should be dismissed as to Papé.

///

///

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

## VII.    Motion to Dismiss Count Seven

Plaintiff appears to allege Papé's repossession, in concert with law enforcement's refusal to act upon his report, constitutes "constructive fraud" and "abuse of official process." "Constructive fraud is simply a term applied to a great variety of transactions, having little resemblance either in form or in nature, which equity regards as wrongful, to which it attributes the same or similar effects as those which follow from actual fraud, and for which it gives the same or similar relief as that granted in cases of real fraud. *U.S. Nat. Bank of Portland v. Guiss*, 214 Or. 563, 585–86 (1958) (quoting 3 Pomeroy's Equity Jurisprudence, 5th Ed., 626, § 922); *see also Linderman v. Nichols*, No. 1:12-CV-1703-TC, 2015 WL 164872, at *2 (D. Or. Jan. 12, 2015) ("Traditional fraud requires, in addition to a misrepresentation of a material fact, reliance on that fact to the recipient's detriment… [h]owever, constructive fraud is a catch-all term for a variety of transactions in which fraud-type relief is appropriate and many of those transactions do not require either intent to deceive or actual dishonesty of purpose."). "Constructive fraud usually arises from a breach of duty where a relationship of trust and confidence exists…" *U.S. Nat. Bank of Portland*, 214 Or. at 586. The Oregon Court of Appeals has cited Texas case law in finding that a constructive fraud claim is identical to a claim for breach of fiduciary duty based on a special relationship. *Pollack v. D.R. Horton, Inc.-Portland,* 190 Or.App. 1, 21 (2003) (citing *Welder v. Green,* 985 S.W.2d 170, 175 (TexApp.1998) (constructive fraud and breach of fiduciary duty amount to identical causes of action; both require the existence of some special relationship and a breach of the trust engendered by that relationship)).

Plaintiff cites no authority, statutory or otherwise for this claim. To the extent Plaintiff intends to bring a claim distinct from his earlier fraud claim (Count Two), he has not, nor can he, allege facts necessary to sustain such a claim. Papé and Plaintiff were parties to an arms-length transaction. There is no allegation, nor can there be, of any breach of duty existing between the parties, much less a breach of a fiduciary duty which characterizes claims for constructive fraud. There is no allegation of any special relationship whereby either party was placed in a position of trust, superiority, or influence; assumed control over another; nor was there any duty to act or

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

advise the other party on matters within the scope of the relationship. There is also no allegation of any traditionally recognized fiduciary relationship, such as that between attorney and client, principal and agent, guardian and ward, or trustee and beneficiary. Without the requisite fiduciary relationship, there can be no claim for constructive fraud.

It is not entirely clear if Plaintiff intends to plead a distinct claim for abuse of process as to Papé. "Abuse of process is 'the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause.'" *Larsen v. Credit Bureau, Inc. of Georgia*, 279 Or. 405, 408, 568 P.2d 657, 658 (1977) (internal quotation omitted). Any claim for abuse of process cannot be squared with Plaintiff's pleading because the central allegation in his pleading is that Papé repossessed its property *without* legal process. Without availing itself of a legal process, there can be no claim for an abuse of such a process. *See Columbia Cnty. v. Sande*, 175 Or. App. 400, 408 (2001) ("[T]o plead a claim for abuse of process, a plaintiff must allege some ulterior purpose, unrelated to the process, *and a willful act in the use of the process* that is not proper in the regular conduct of the proceeding. (emphasis added)). Again, Plaintiff's own allegations establish that the repossession was unwitnessed such that he cannot establish any state action. Count Seven should be dismissed as to Papé.

///

///

///

///

///

///

///

///

///

///

///

///

Page 12    **DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
**T (503) 222-4422 F (503) 222-4428**

## CONCLUSION

Each of Plaintiff's claims for relief against Papé should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). At best, Plaintiff's Complaint contains little more than formulaic recitations of the elements of certain causes of action, without the requisite allegations necessary to state claims against Papé. At worst, Plaintiff has brought claims simply inapplicable to Papé. Plaintiff has not only failed to plead requisite factual allegations sufficient to state any claim against Papé, but his allegations establish that his claims are not amenable to amendment to cure the defects highlighted herein. As such, Plaintiff should not be granted leave to replead and dismissal should be with prejudice.

DATED this 20th day of January, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.


s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

**DEFENDANT PAPÉ MACHINERY'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

L:\31\ANUFRIEV\PLD\Motion to Dismiss.v2.docx

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT PAPÉ MACHINERY'S**

**MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT** on the following Party:

Georgie Anufriev
PO Box 499
Mount Angel, OR 97362
    *Plaintiff Pro Se*

by mailing to the foregoing a true copy thereof, placed in a sealed envelope, with postage

prepaid, addressed as listed above, and depositing the same in the United States mail through a

post office at Portland, Oregon, on this day.

      DATED this 20th day of January, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.


s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
**T (503) 222-4422 F (503) 222-4428**