## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### Civil Action No: **6:25-cv-02260-MTK**

Georgie Anufriev, Pro Se,

      Plaintiff,

v.

PAPE MACHINERY,
NICK HUNTER, Sheriff of Marion County
Oregon, In his personal and professional
Capacity,
CHRISTIAN DALTON, Deputy of Marion
County Oregon, In his personal and
Professional capacity,
      Defendants.

_____/

## MEMORANDUM OPPOSING MOTION FOR DISMISSAL

PLAINTIFF Georgie Anufriev files this memorandum in opposition to Defendants NICK

HUNTER, CHRISTIAN DALTON and PAPE MACHINERY motion for dismissal.

## ARGUMENT

1. **Trinsey vs. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)**; *"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."*

2. **Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180 (1803)** *"... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument." "In declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank". "All law (rules and practices) which are repugnant to the Constitution are VOID". Since the 14th Amendment to the Constitution states "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law", this renders judicial immunity unconstitutional.*

3. **Amendment IV.** *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

4. **Amendment V.** *No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

5. **Amendment VII.** *In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re- examined in any Court of the United States, than according to the rules of the common law.*

6. **Amendment IX.** *The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.*

7. **Haines v. Kerner, 404 U.S. 519 (1972)** *"Allegations such as those asserted by petitioner, however in artfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."*

8. **Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240 ; Pucket v. Cox,456 2nd 233.** *"Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."*

WHEREFORE Plaintiff Georgie Anufriev moves this Honorable Court to enter an Order denying Defendant's motion for dismissal and permitting plaintiff to continue with discovery and proceed to trial, granting such other and further relief the Court may deem reasonable and just under the circumstances.

UNDER PENALTIES OF PERJURY, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

Georgie Anufriev, Plaintiff
PO Box 499 Mount Angel, Oregon 97362
Georgeanufriev4@gmail.com
503-951-0768