**Heather C. Beasley, OSB No. 965443**
E-mail: hbeasley@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

**Of Attorneys for Defendant Papé Machinery**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| Georgie Anufriev, Pro Se, Lawful Property Owner), <br><br> Plaintiff, <br><br> v. <br><br> PAPÉ MACHINERY, <br> NICK HUNTER, Sheriff of Manon County Oregon, In his personal and professional Capacity, <br> CHRISTIAN DALTON, Deputy of Marion County Oregon, In his personal and professional capacity, <br><br> Defendants. | Case No. 6:25-cv-02260-MTK <br><br> **DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED** |

<u>**LR 7-2(b)(2) CERTIFICATE OF COMPLIANCE**</u>

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains approximately 959 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

///

Page 1   **DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED**
L:\31\ANUFRIEV\PLD\PAPE - Response to Motion to Deem Complaint Allegations Admitted.docx

## <u>LEGAL MEMORANDUM</u>

### I.      INTRODUCTION

Plaintiff filed a Verified Complaint for Monetary Relief, Due Process Violations, Fraud, and Constitutional Deprivation. On or about January 20, 2026, Papé Machinery ("Papé") timely filed its Motions to Dismiss Plaintiff's Complaint ("Motions to Dismiss"). Pursuant to Fed. R. Civ. P. 12 (b)(6), Movant seeks to dismiss all claims for relief asserted against it by Plaintiff as Plaintiff has failed to state a claim upon which relief may be granted. Movant's Motion to Dismiss is currently pending before this Court.

On or about February 20, 2026, Plaintiff filed a "Motion to Deem Complaint Allegations Admitted" ("Motion to Deem Admitted"). Plaintiff cites, without argument, Fed. R. Civ. P. 8 (b)(6) and 36 (a)(4) in support of his Motion to Deem Admitted. He contends that Movant "did not deny the complaint with a supported affidavit" and requests that the Court deem the allegations in his Complaint as admitted.

Because there has been no answer yet filed, and Papé's obligation to do so is presently tolled by virtue of its Motions to Dismiss, Plaintiff's Motion to Deem Admitted must be denied.

### II.      ARGUMENT

#### a. Legal Standards

Generally, in response to a pleading, a party must assert its defenses to the claims asserted against it and either admit or deny the opposing party's allegations. FRCP 8 (b)(1). Where certain allegations are not denied in a responsive pleading, they may be deemed admitted. FRCP 8 (b)(6). However, rather than serving an answer to a complaint, a defendant may instead elect to respond to the complaint via a motion seeking dismissal of the claims asserted based upon the plaintiff's failure to state a claim upon which relief can be granted. FRCP 12 (a)(1)(A); (b)(6). A motion asserting any defense enumerated under FRCP 12 (b) "must be made before pleading if a responsive pleading is allowed." *Id.* Service of a motion pursuant to FRCP 12 tolls

**DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED**
L:\31\ANUFRIEV\PLD\PAPE - Response to Motion to Deem Complaint Allegations Admitted.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

the time period for filing a responsive pleading until 14 days after notice of the court's ruling on the motion. FRCP 12 (a)(4)(A).

**b. Papé has moved against each of Plaintiff's claims for relief pursuant to FRCP 12 (b)(6) such that service of an answer is not yet required.**

By his Complaint, Plaintiff has asserted five claims for relief against Papé: (1) Count One – Violation of 42 U.S.C. § 1983, (2) Count Two – Fraud, (3) Count Three – Civil RICO, (4) Count Six – Conspiracy under 42 U.S.C. § 1985(3), and (5) Count Seven – Constructive Fraud/Abuse of Process. In its Motions to Dismiss, Papé moved to dismiss each and every claim for relief asserted against it pursuant to FRCP 12 (b)(6).

By its plain text, FRCP 12 (b) requires that when a party asserts the defense of failure to state a claim upon which relief can be granted, it "*must*" do so "*before pleading* if a responsive pleading is allowed." (emphasis added). In the event a defendant serves a motion enumerated at FRCP 12 in response to a complaint, the time for serving an answer responding to the pleading is suspended until such time as the motion is granted or denied. FRCP 12 (a)(4)(A). In the former scenario, the matter would be dismissed thereby obviating any need to respond, and in the latter scenario service of the responsive pleading would be required within 14 days after notice of the court's action. *Id.*

Rather than serve an answer to Plaintiff's Complaint, Papé filed its Motions to Dismiss each and every one of Plaintiff's claims for relief asserted against Papé pursuant to FRCP 12 (b)(6). Papé's motion was timely and compliant with the requirement of FRCP 12 that service of the motion precede any responsive pleading. Papé's service of its Motions to Dismiss triggered the tolling period for serving a pleading responsive to Plaintiff's Complaint. As Papé's obligation to respond to Plaintiff's pleading is suspended, any determination of Papé's alleged failure to deny is premature. In short, Papé cannot be deemed to have failed to deny an allegation where Papé is not yet required to admit or deny any allegation.

**DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED**
L:\31\ANUFRIEV\PLD\PAPE - Response to Motion to Deem Complaint Allegations Admitted.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

By his Motion to Deem Admitted, Plaintiff appears to cite Fed. R. Civ. P. 36 for the proposition that Papé must admit, deny, or state why it cannot truthfully admit or deny some unspecified matter. The cited rule applies, by its plain and unambiguous text, only to requests for admission and responses thereto. Requests for admission are written discovery devices totally separate and apart from a responsive pleading such as an answer. *See* FRCP 7 (a) (enumerating "pleadings"). As no requests for admission have been served in this matter, citation to FRCP 36 is inapposite and should be wholly disregarded.

## III.    CONCLUSION

Plaintiff's Motion to Deem Admitted must be dismissed. Pending this Court's determination on Papé's Motions to Dismiss, no answer is yet required of Papé. As no answer is required, there is not yet any requirement that Papé admit or deny any allegations made by Plaintiff. As Papé is not yet required to admit or deny any of Plaintiff's allegations, his Motion to Deem Admitted is premature and must be dismissed.

As noted in Papé's Response to Plaintiff's contemporaneously-filed Motion to Strike Answer as Unresponsive, Plaintiff's conduct here borders on frivolous. While Plaintiff may be afforded some lenience as he is proceeding pro see, the plain text of the Federal Rules of Civil Procedure makes clear that Plaintiff's motions are baseless. Though sanctions are not sought at this time, these motions should be considered needless make-work and a waste of judicial economy.

DATED this 5th day of March, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

**DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED**
L:\31\ANUFRIEV\PLD\PAPE - Response to Motion to Deem Complaint Allegations Admitted.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

## CM/ECF CERTIFICATE

I hereby certify that on March 5, 2026, I filed: **DEFENDANT PAPÉ MACHINERY'S RESPONSE TO PLAINTIFF GEORGIE ANUFRIEV'S MOTION TO DEEM COMPLAINT ALLEGATIONS ADMITTED** electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing; and by mailing to Plaintiff a true copy thereof, placed in a sealed envelope, with postage prepaid, addressed as listed below, and depositing the same in the United States mail through a post office at Portland, Oregon, on this day.

Georgie Anufriev
PO Box 499
Mount Angel, OR 97362
*Plaintiff Pro Se*

Steve Elzinga, OSB #123102
Sebastian Tapia, OSB #043761
Marion County Legal Counsel
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
selzinga@co.marion.or.us
stapia@co.marion.or.us
*Attorneys for Hunter and Dalton*

DATED this 5th day of March, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

Page 1   **CERTIFICATE OF SERVICE**