**Heather C. Beasley, OSB No. 965443**
E-mail: hbeasley@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel: (503) 222-4422
Fax: (503) 222-4428

**Of Attorneys for Defendant Papé Machinery**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| Georgie Anufriev, Pro Se, Lawful Property Owner), | Case No. 6:25-cv-02260-MTK |
| Plaintiff, | **DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| PAPÉ MACHINERY, NICK HUNTER, Sheriff of Manon County Oregon, In his personal and professional Capacity, CHRISTIAN DALTON, Deputy of Marion County Oregon, In his personal and professional capacity, | |
| Defendants. | |

## LR 7-2(b)(2) CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains approximately 1,876 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

///

Page 1  **DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

## <u>LEGAL MEMORANDUM</u>

### I.    INTRODUCTION

By his Complaint, Plaintiff has asserted five claims for relief against Papé: (1) Count One – Violation of 42 U.S.C. § 1983, (2) Count Two – Fraud, (3) Count Three – Civil RICO, (4) Count Six – Conspiracy under 42 U.S.C. § 1985(3), and (5) Count Seven – Constructive Fraud/Abuse of Process. On or about January 20, 2026, Movant Papé Machinery ("Movant") timely filed its Motions to Dismiss Plaintiff's Complaint ("Motion"). Pursuant to Fed. R. Civ. P. 12 (b)(6), Movant seeks to dismiss all claims for relief asserted against it by Plaintiff Georgie Anufriev ("Plaintiff") as he has failed to state a claim upon which relief may be granted. Subsequently, Movant's co-defendants Nick Hunter and Christian Dalton filed their own FRCP 12 (b)(6) motion to dismiss Plaintiff's claims asserted against them.

In response, Plaintiff filed his Memorandum Opposing Motion for Dismissal ("Response") on or about February 20, 2026. Therein, Plaintiff generally indicates his opposition to all defendants' motion for dismissal, but fails to differentiate between the two distinct motions or offer any argument responsive to the arguments advanced by any defendant. Instead, Plaintiff quotes without context four cases and four Amendments to the United States Constitution. Because Plaintiff has failed to respond to Movant's Motion or any arguments asserted therein, his Response should be entirely disregarded. Movant's Motion should be granted, and Plaintiff's claims against Papé should be dismissed with prejudice.

### II.    ARGUMENT

#### a.   Legal Standards

Federal pleadings demand more than unadorned accusations, formulaic recitations, and naked assertions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially-plausible claim for relief with factual content that permits the court to draw the reasonable inference that

Page 2  **DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556 & 570). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)). While pro se complaints are liberally construed, such pleadings must still comply with recognized pleading standards, including the requirement to state a facially-plausible claim. *Gage v. Mayo Clinic*, 707 F. Supp. 3d 870, 876 (D. Ariz. 2023), aff'd, No. 23-4410, 2025 WL 1733503 (9th Cir. June 23, 2025).

A party's failure to address arguments raised in a motion amounts to the concession of the unaddressed arguments. *See Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) ("It is well-understood that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." (internal citation omitted)); *B&L Prods., Inc. v. Newsom*, No. 21-CV-01718-AJB-KSC, 2022 WL 3567064, at *6 (S.D. Cal. Aug. 18, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."); *Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021) ("There are many cases in this district… holding that a plaintiff's failure to respond to a defendant's motion is a concession on the merits… These cases are in accord with other district's rulings in this circuit." (internal citations omitted)).

"Where a pleading is dismissed for failure to state a claim, although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would be subject to dismissal." *Yentz*, 2021 WL 1277961, at *2 (D. Or. Feb. 15, 2021), *report and recommendation adopted*, (D. Or. Apr. 6, 2021) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). "Where amendment would be futile, it is appropriate to dismiss the claim with

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

prejudice." *Id.* (citing *Universal Mortg. Co. v. Prudential Inc. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). A proposed amendment is deemed futile when the plaintiff could not allege a set of facts that would constitute a claim or defense. *Id.* (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### b.  Plaintiff's Response

By its Motion, Movant seeks the entry of orders dismissing each of the five claims for relief Plaintiff has asserted against it. In support of its Motion, Movant submitted a legal memorandum detailing how the allegations contained in Plaintiff's Complaint failed to establish any claim for relief against Papé. Further, the memorandum demonstrated that Plaintiff could not allege a set of facts constituting such claims, such that leave to amend is futile. Plaintiff's Response wholly fails to address any of the arguments advanced in Movant's Motion. Rather, Plaintiff has quoted without context, explanation, or argument excerpts from several cases and Constitutional Amendments. Plaintiff's wholesale failure to address any aspect of Movant's Motion amounts to a concession on each and every one of Movant's arguments and, therefore, all claims asserted against Movant. As such, dismissal with prejudice of each of Plaintiff's claims against Papé is merited.

Plaintiff first quotes *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964) for the proposition that a Court may not consider facts outside of the record when evaluating a motion to dismiss. With respect to Movant's Motion, this case is not on point. Movants Motion relies upon Plaintiff's own allegations in his Complaint, including the matters of public record which Plaintiff himself appended to his Complaint. This is squarely appropriate and conforms to the appropriate standard for this Court's review of a motion to dismiss. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007) (when considering a motion to dismiss, the court accepts allegations in the complaint as true and construes them in the light most favorable to plaintiff); *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir.

L:\31\ANUFRIEV\PLD\PAPE - Reply ISO Motion to Dismiss efile.docx

2008) (courts may take judicial notice of matters of public record and consider them in reviewing motions to dismiss). The question presented by Movant's Motion is whether Plaintiff has stated a claim against Papé upon which relief may be granted. The resolution of this question requires only consideration of whether Plaintiff's Complaint sufficiently states facially-plausible claims for relief, not factual assertions that are not already part of the record.

Next, Plaintiff quotes *Marbury v. Madison*, 5 U.S. 137, 138 (1803) at length, but it is not at all clear how this language has any bearing on the instant action. Plaintiff quotes portions of that opinion pertaining to the principle of judicial review and then appears to contend that judicial immunity is unconstitutional. Quite apart from being an incorrect statement of the law, judicial immunity has no bearing on Movants' Motion. Plaintiff has brought five claims against Movant, and Movant has sought the dismissal of each. The liability or immunity of this or any other Court is in no way implicated.

Plaintiff also cites *Haines v. Kerner*, 404 U.S. 519, 520 (1972) for the proposition that pro se litigants are to be held to a less stringent standard for formality in pleadings. While Movants acknowledge as much above, this more liberal standard does not afford carte blanche in one's pleadings. The Court in *Haines* observed that, on the allegations in the complaint in that matter, it could not say it was beyond doubt that the plaintiff could prove no set of facts which would entitle him to relief. *Id.* at 521. This is a fact-specific inquiry, and Plaintiff offers no argument whatsoever for how his allegations rise to the level of a facially-plausible claim. Plaintiff also cites three other cases in conjunction with another quotation about the less stringent standard for pro se pleadings, but none of the cited cases contain the quoted language. That quotation and the cited cases should be altogether disregarded.

Plaintiff quotes, in part, the Fourth, Fifth, Seventh, and Ninth Amendments to the U.S. Constitution. Again, there is no indication why these quotations are offered or how they might be relevant to the consideration of Movant's Motion. For example, Plaintiff quotes language from

Page 5 **DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

L:\31\ANUFRIEV\PLD\PAPE - Reply ISO Motion to Dismiss efile.docx

the Fourth Amendment, which protects against unreasonable government searches and seizures. It is not apparent from the quoted language how Plaintiff contends it is applicable to a suit against Movant – a private entity, not a government actor – and Movant offers no argument or further explanation elucidating its relevance. As such, these citations should be disregarded in their entirety.

None of the citations in Plaintiff's Response meaningfully respond in any way to the substance of Movant's Motion. Movant and this Court should not have to engage in speculation or conjecture to divine the meaning of Plaintiff's Response. While Plaintiff might be afforded some leeway in his written submissions given his pro se status, his Response falls far short of even the bare minimum expected of a response: namely, responding to Movant's arguments. As such, Plaintiff's Response should be wholly disregarded, and Movant's Motion should be granted.

## CONCLUSION

Movant's Motion amply demonstrates that Plaintiff has failed to state a single claim against it, and that amendment of these claims would be futile. By way of summary:

- Count One (Violation of 42 U.S.C. § 1983) – Plaintiff never legally owned the property at issue, repossession was accomplished without breach of the peace, and no state entity was enlisted to aid in the repossession.

- Count Two (Fraud) – Plaintiff cites no legal authority for such claim; has not alleged any affirmative misrepresentation, omission, or attempt to conceal (nor can he, given he alleges Movant took the affirmative step of notifying him of its repossession); and has not pled any damage as a result of reliance on the same.

- Count Three (Civil RICO) – Plaintiff has failed to allege the requisite "injury to business or property" (nor can he, given the return of his property), cognizable predicate acts, or a scheme to defraud.

L:\31\ANUFRIEV\PLD\PAPE - Reply ISO Motion to Dismiss efile.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

- Count Six (Conspiracy under 42 U.S.C. § 1985(3)) – Plaintiff has failed to allege any conspiracy or acts taken in furtherance of such, injury (nor can he, given the return of his property), or class-based animus.

- Count Seven (Constructive Fraud/Abuse of Process) – Plaintiff cites no authority for such claim(s), has failed to allege (nor can he on the facts he has alleged) the requisite fiduciary relationship between the parties, and alleges Movant did not avail itself of a legal process in the first place.

Plaintiff has failed to address even a single one of these arguments. This should be considered a concession on the merits of each and every one of Papé's motions, and Plaintiff's claims against Papé should be dismissed in their entirety. As Movant's Motion further demonstrates that it is impossible for Plaintiff to allege facts necessary to state facially-plausible claims, the dismissal of Plaintiff's claims against Papé should be with prejudice.

DATED this 5th day of March, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.


s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

**DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

L:\31\ANUFRIEV\PLD\PAPE - Reply ISO Motion to Dismiss efile.docx

## CM/ECF CERTIFICATE

I hereby certify that on March 5, 2026, I filed: **DEFENDANT PAPÉ MACHINERY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing; and by mailing to Plaintiff a true copy thereof, placed in a sealed envelope, with postage prepaid, addressed as listed below, and depositing the same in the United States mail through a post office at Portland, Oregon, on this day.

Georgie Anufriev
PO Box 499
Mount Angel, OR 97362
            *Plaintiff Pro Se*

Steve Elzinga, OSB #123102
Sebastian Tapia, OSB #043761
Marion County Legal Counsel
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
selzinga@co.marion.or.us
stapia@co.marion.or.us
*Attorneys for Hunter and Dalton*

            DATED this 5th day of March, 2026.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.


s/ Heather C. Beasley
Heather C. Beasley, OSB No. 965443
hbeasley@davisrothwell.com
Of Attorneys for Defendant Papé Machinery

Page 2    **CERTIFICATE OF SERVICE**

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

L:\31\ANUFRIEV\PLD\PAPE - Reply ISO Motion to Dismiss efile.docx