UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GEORGIE ANUFRIEV,

     Plaintiff,

     v.

PAPE MACHINERY *et al.*,

     Defendants.

Case No. 6:25-cv-02260-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Georgie Anufriev ("Plaintiff") brings civil rights and state tort claims against Defendant Papé Machinery and Defendants Nick Hunter and Christian Dalton for their conduct with respect to the repossession of a 2025 John Deere 333P-Tier Track Loader ("2025 Track Loader"). Compl. 4, 17, ECF No. 1. Before the Court are Defendant Papé Machinery's Motion to Dismiss (ECF No. 10), Defendant Hunter and Defendant Dalton's Motion to Dismiss (ECF No. 12), Plaintiff's Motion to Deem Complaint Allegations Admitted (ECF No. 14), and Plaintiff's Motion to Strike Answer as Unresponsive (ECF No. 15). For the reasons below, Defendants' motions are granted, and Plaintiff's motions are denied.

## BACKGROUND

The Court assumes the following facts alleged in Plaintiff's complaint are true. Plaintiff is a Marion County resident. Compl. ¶ 11. Defendant Papé is an Oregon corporation that services

Page 1 — OPINION AND ORDER

private property loans and manages secure assets. Compl. ¶ 12. Defendant Hunter is the Sheriff of Marion County, and Defendant Dalton is a deputy of Marion County. Compl. ¶¶ 13-14.

Plaintiff sought to purchase the 2025 Track Loader from Defendant Papé and trade in his older model in June 2025. Compl. ¶¶ 11, 16-18, Ex. B.[1] Plaintiff signed a purchase agreement or promissory note[2] for the 2025 Track Loader. Compl. ¶ 16, Ex. B. Defendant Papé delivered the 2025 Track Loader to Plaintiff and took possession of his 2023 model. Compl. Ex. B. Defendant Papé refused to accept Plaintiff's purchase agreement or promissory note and repossessed the 2025 Track Loader without a hearing or any judicial procedure. Compl. ¶¶ 17, 29, 34, 68. Defendant Papé informed Plaintiff that his 2023 track loader was available for pick up at its Portland facility. Compl. ¶ 19, Ex. B.

Plaintiff called Defendant Dalton to report the incident, but Defendant Dalton informed Plaintiff that Defendant Papé acted lawfully and that the Marion County Sheriff does not intervene in civil matters. Compl. ¶¶ 20, 24. Defendant Dalton declined to look at Plaintiff's purchase agreement or promissory note. Compl. ¶ 22. Plaintiff filed a criminal report with Defendant Hunter which was ignored. Compl. ¶ 23.

Plaintiff alleges that the repossession of the 2025 Track Loader gives rise to (1) § 1983 claims for deprivation of property, (2) fraud, (3) RICO[3] violations, (4) "breach of oath of office and fiduciary duty under color of law," (5) neglect to prevent constitutional violations under § 1986, (6) conspiracy to violate his civil rights under § 1985, and (7) constructive fraud and

---

[1] The Court may properly consider exhibits attached to the complaint in evaluating a motion to dismiss. *See Swarts v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[2] Plaintiff's references to a contract, promissory note, and purchase agreement all appear to reference a single document connected with the purchase of the 2025 Track Loader. Comp. ¶¶ 16, 34, Ex. B.

[3] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68.

"abuse of official process." Compl. 6-10. Plaintiff seeks declaratory relief, compensatory damages, punitive damages, fees and costs, and referral to various government entities for criminal investigation. Compl. 19. Defendants move to dismiss all claims for failure to state a claim.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.    Plaintiff's Motions

Plaintiff moves to strike Defendants' motions and to deem the allegations in his complaint admitted because Defendants have not answered. Pursuant to Federal Rule of Civil Procedure 12(b), Defendants properly filed their Motions to Dismiss (ECF Nos. 10, 12) before their responsive pleading. Plaintiff's Motion to Strike Answer as Unresponsive (ECF No. 15) and Motion to Deem Complaint Allegations Admitted (ECF No. 14) are denied.

II.     **Plaintiff's Federal Law Claims**

A.      **Section 1983 Claims**

Plaintiff brings § 1983 claims against all defendants, alleging that the nonjudicial repossession of the 2025 Track Loader violated his procedural due process rights. Compl. 6. To prevail on a Section 1983 claim, a Plaintiff must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). Section 1983 is generally inapplicable to private parties, reaching only those that "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021); *see O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating private entities are treated as state actors in "exceptional cases"). A private party that engages in nonjudicial repossession authorized by statute is not a state actor under § 1983 absent some further involvement from the state. *Adams v. S. Cal. First Nat'l Bank*, 492 F.2d 324, 329, 333 (9th Cir. 1973); *see also Brown v. United States*, 265 Or. 234, 241 (1973) (stating that passive involvement from the state in repossession is insufficient to establish state action).

Here, Plaintiff makes the general allegation that Defendant Papé, though a private corporation, coordinated its action with Defendants Hunter and Dalton to repossess his property. *See, e.g.*, Compl. ¶ 39. Plaintiff makes no factual allegation from which this Court could draw that inference. Plaintiff alleges that he informed Defendants Hunter and Dalton after Defendant Papé repossessed the 2025 Front Loader. Compl. Ex. B. In response, Defendants Hunter and Dalton did little to investigate Defendant Papé. Compl. ¶¶ 20-24. These allegations are

Page 5 — OPINION AND ORDER

insufficient to give rise a finding that Defendant Papé acted under color of state law because they allow only the inference that the state was passive with respect to the repossession of the 2025 Front Loader. Plaintiff's Section 1983 claims against Defendant Papé therefore fail.

Plaintiff also fails to allege any conduct by Defendants Hunter and Dalton that would establish they violated his constitutional rights. Plaintiff alleges no facts from which this Court could infer that Defendants Hunter and Dalton were involved in the repossession, alleging only that they failed to investigate Defendant Papé after the repossession took place. These allegations fail to plausibly allege that Defendants Hunter and Dalton deprived Plaintiff of his due process rights.

### B.    RICO

Plaintiff brings his RICO claims against all defendants, stating that Defendants Papé, Hunter, and Dalton engaged in an "association-in-fact enterprise engaging in illegal repossession practices." Compl. ¶ 39.  "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002). A Plaintiff must establish at least two enumerated predicate acts to establish a pattern of racketeering. 18 U.S.C. § 1961(1), (5). Wire fraud and mail fraud are predicate acts. *Id.* § 1961(1). Nonjudicial repossession is not a predicate act and is also authorized by Oregon law where it proceeds without a breach of the peace. *Id.*; Or. Rev. Stat. ("ORS") §§ 79A.06010, 79A.6090. Plaintiff does not allege any breach of the peace or that any confrontation arose from the repossession.  Plaintiff's bare legal assertions that the Defendants engaged in wire fraud, mail fraud, and "honest services fraud" are unsupported by any factual allegations from which the

Page 6 — OPINION AND ORDER

Court could make such a finding. Compl. ¶ 37, Ex. B. Plaintiff has therefore failed to allege any pattern of racketeering activity, and his RICO claims are dismissed.

### C.     Section 1985 Claims

Plaintiff brings § 1985 claims against all Defendants alleging that they conspired to repossess the 2025 Front Loader without judicial oversight. Compl. ¶¶ 60-63. To prevail on a § 1985 claim, a plaintiff must plead four elements: (1) conspiracy, (2) invidious discriminatory animus depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) injury to person or property or deprivation of a constitutional right. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). A class is protected under § 1985(3) only if the courts have recognized the classification as suspect or quasi-suspect or Congress has determined that it requires special protection. *Sever v. Alaksa Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff has not alleged any facts from which the Court could conclude that Defendants' conduct was motivated by a discriminatory animus towards a class, that Defendants engaged in a conspiracy, or acted in furtherance of a conspiracy. Plaintiff identifies himself only as "a private American man" appearing "Pro Se by Special Appearance." Compl. ¶ 11. He identifies no authority and makes no allegation that he is a member of or is associated with a class protected under Section 1985. Plaintiff's § 1985 claims therefore fail.

### D.     Section 1986 Claims

Plaintiff brings a Section 1986 claim against Defendant Dalton for "facilitat[ing] the repossession with no judicial order" and against Defendant Hunter for not investigating Plaintiff's criminal complaint about the repossession. Compl. ¶¶ 53-54. Plaintiff's § 1986 claim is dependent on his § 1985 claim. *See* 42 U.S.C. § 1986 (predicating liability on a § 1985

violation); *Farley v. Henderson*, 883 F.2d 709, 711 n.3 (9th Cir. 1989). His § 1986 claims therefore fail.

## III.    Plaintiff's State Law Claims

### A.    Fraud

Plaintiff brings fraud claims against Defendant Papé for taking "the contract/promissory note" and repossessing the 2025 Track Loader without judicial oversight. Compl. ¶ 34. Plaintiff's complaint also states that the fraud claim is asserted against Papé employees Burke Ellis and Amanda Nealy, but those individuals are not named in the title of the complaint or identified as parties. Compl. 1, 4, 7. To the extent Plaintiff seeks to bring claims against Burke Ellis and Amanda Nealy individually and separately from those alleged against Defendant Papé, Plaintiff must name them as parties. Fed. R. Civ. P. 10(a).

Fraud requires a plaintiff to show that the defendant made a false and material misrepresentation with the intent that the plaintiff rely on the misrepresentation and that the plaintiff suffered damage after justifiably relying on the misrepresentation. *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 351-52 (2011). Plaintiff's complaint does not allege any facts to establish he detrimentally relied on a misrepresentation by Defendant Papé or Burke Ellis and Amanda Nealy. Plaintiff alleges that Ellis received his signed purchase agreement, but Defendant Papé refused to accept his signature. Compl. Ex. B. Nealy and Ellis contacted Plaintiff via phone and email. Compl. Ex. B. Plaintiff demanded that any further communication take place in writing and stated he would consider further emails, texts, and calls to be harassment. Compl. Ex. B. Defendant Papé then repossessed the 2025 Front Loader. Compl. Ex. B. None of these facts give rise to a fraud claim.

**B.**    **Breach of Oath of Office, Breach of Fiduciary Duty, and Constructive Fraud**

Plaintiff brings "breach of oath of office and fiduciary duty" claims against Defendant Hunter for not investigating Plaintiff's criminal complaint and against Defendant Dalton for not verifying judicial approval of the repossession. Compl. ¶¶ 45-46. Plaintiff does not identify any legal authority to support his claim for breach of oath of office, and this Court is not aware of any such authority.

With respect to Plaintiff's fiduciary duty claim, such claims, like constructive fraud claims, typically require that the defendant hold a special relationship with the plaintiff and breach the trust created by that relationship. *See, e.g.*, *U.S. Nat'l Bank of Portland v. Guiss*, 214 Or. 563, 586 (1958); *Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 21 (2003) (citing Texas law). Plaintiff's allegations that Defendant Hunter and Dalton ignored his request to investigate the repossession and failed to prevent it is insufficient to establish any special relationship with Defendants Dalton or Hunter. *See Buchler v. State ex rel. Or. Corr. Div.*, 316 Or. 499, 505-06 (recognizing that state officials do not have a special relationship with plaintiffs just because they are members of the public). Plaintiff's blanket allegation that they "misuse[d] their official roles to create a false appearance of legality" and "us[ed] sheriff procedures" to enforce Defendant Papé's repossession, Compl. ¶¶ 66-67, is not supported by any factual allegations other than their refusal to investigate the repossession.

Plaintiff brings constructive fraud claims against all defendants but those similarly fail because Plaintiff does not allege any facts supporting a special relationship or reliance on any fraudulent conduct. Plaintiff's breach of oath of office, fiduciary duty, and constructive fraud claims fail.

### C.    Abuse of Official Process

Plaintiff brings an abuse of official process claim against all defendants, alleging that Defendants Hunter and Dalton "enforce[d] a private party's demand for repossession," and Defendant Papé conducted a non-judicial repossession. Compl. ¶¶ 67-68. "Abuse of process is 'the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause.'" *Larsen v. Credit Bureau, Inc. of Ga.*, 279 Or. 405, 408 (1977) (citation omitted). A plaintiff must plead and ultimately prove that the abuse was exerted for "a purpose for which the process is not intended," *Columbia County v. Sande*, 175 Or. App. 400, 408 (2001), such as to obtain a collateral advantage not associated with the process, *Hartley v. State Water Res. Dep't*, 77 Or. App. 517, 522 (1986). To the extent abuse of process is applicable to non-judicial repossession, Plaintiff has not alleged any facts that the repossession was motivated by an ulterior purpose or intended to obtain a collateral advantage. Plaintiff has therefore failed to state a claim for abuse of process.

## IV.    Leave to Amend

Plaintiff responded to Defendants' motions with quotations from various authorities that stand for, among other principles, the liberal pleading standard afforded self-represented parties and the general rule that the Court may not consider facts outside the record when deciding a motion to dismiss. Plaintiff failed to offer any response to the merits of Defendants' arguments or any explanation as to how the authorities bear on the motions. Plaintiff did not offer any argument that the defects in his complaint are curable. A failure to respond to the merits of a motion to dismiss is treated as a concession. *See, e.g.*, *United States ex rel. Silingo v. WellPoint, Inc.* 904 F.3d 667, 681 (9th Cir. 2018) (holding that a district court did not abuse its discretion in denying leave to amend where plaintiff abandoned her claim by failing to defend it in response to a motion to dismiss); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (treating a pro se

plaintiff's failure to respond to arguments raised in a dispositive motion as abandonment despite liberally construing his pleadings); *Yentz v. Nat'l Credit Adjusters, LLC*, No. 20-cv-01364, 2021 WL 1277961, *4-5 (D. Or. Feb. 15, 2021) (citing cases).

In light of Plaintiff's failure to respond to the merits of Defendants' motions, Plaintiff's failure to present any argument that the defects in his complaint are curable, and the severity of the defects in his complaint, the Court finds that amendment would be futile. The Court does not grant Plaintiff leave to amend.

### CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike Answer as Unresponsive (ECF No. 15) and Motion to Deem Complaint Allegations Admitted (ECF No. 14) are DENIED, Defendant Papé Machinery's Motion to Dismiss (ECF No. 10) is GRANTED, and Defendants Hunter and Dalton's Motion to Dismiss (ECF No. 12) is GRANTED. This action is dismissed.

DATED this <u>8th</u> day of July 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge